IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorann Roanhorse,<br><br>    Plaintiff,<br><br>v.<br><br>Metropolitan Life Insurance Company,<br><br>    Defendant. | No. CV-13-08158-PCT-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff's and Defendant's Motions for summary judgment. (Docs. 19, 24.) For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

This matter arises from the death of Freddie Roanhorse, Plaintiff Dorann Roanhorse's late husband. One day, Mr. Roanhorse failed to show up at his job. (Doc. 19 at 2.) He was found dead several days later, sitting in his vehicle with the keys still in the ignition. (*Id.*) The vehicle was parked along the side of the road and Mr. Roanhorse was wearing a seat belt. (*Id.*) By the time he was located, his body was in an advanced stage of decomposition. (*Id.*) An autopsy found his cause of death to be "undetermined." (Doc. 18-3.) The autopsy report noted that "there were no injuries, and no natural disease that could explain the death," but that "significant natural disease could have been obscured by the advanced state of decomposition." (Doc. 18-3 at 4.) Mr. Roanhorse's death certificate lists his cause of death as "undetermined." (Doc. 18-2 at 20.)

Following Mr. Roanhorse's death, Mrs. Roanhorse made a claim to Defendant

1 Metropolitan Life Insurance Company ("MetLife") for Accidental Death and
2 Dismemberment ("AD&D") insurance benefits under the Navajo Nation Benefit Plan
3 (the "Plan"). (Doc. 24 at 2.) Under the Plan, Mrs. Roanhorse, as beneficiary, is entitled to
4 certain benefits if Mr. Roanhorse sustained "an accidental injury" that was the "Direct
5 and Sole Cause" of his death. (Doc. 18-1 at 48.) The Plan defines "Direct and Sole
6 Cause" as "that the Covered Loss occurs within 12 months of the date of the accidental
7 injury and was a direct result of the accidental injury, independent of other causes." (*Id.*)
8 The Plan contains exclusions "for any loss caused or contributed to by," among other
9 factors, "physical or mental illness or infirmity," "infection, other than infection
10 occurring in an external accidental wound," and "suicide or attempted suicide." (*Id.*)

11 MetLife denied the claim, stating that Mrs. Roanhorse had failed to provide the
12 required proof to demonstrate that she qualified for AD&D benefits under the Plan. (Doc.
13 18-3 at 6.) MetLife explained that there was "no evidence that there was a car accident
14 and Mr. Roanhorse did not have any injuries. There is no proof that the death was the
15 direct result of an accidental injury, independent of other causes." (*Id.*) MetLife further
16 noted that the autopsy report indicated that the death may have been due to natural causes
17 obscured by the state of decomposition. (*Id.* at 7.)

18 On June 21, 2013, Plaintiff filed the present action to recover benefits pursuant to
19 the Employee Retirement Income Security Act ("ERISA"). (Doc. 1.) On December 20,
20 2013, Plaintiff filed her Opening Brief in this matter. (Doc. 19.) In their Response Brief,
21 Defendant argued that Plaintiff's claim does not arise under ERISA, but is instead a
22 breach of contract claim under Arizona law, falling within the Court's diversity
23 jurisdiction. (Doc. 24.) Defendant also requested that the Court enter judgment in its
24 favor as a matter of law. (*Id.*) In their Reply, Plaintiff conceded that jurisdiction in this
25 case was proper under diversity jurisdiction and not ERISA. (Doc. 25.) The Court held a
26 Status Conference in this matter on May 9, 2014, during which the Parties stipulated to
27 the Court's treatment of their ERISA briefing as cross-Motions for Summary Judgment.
28 (Doc. 27.)

**DISCUSSION**

**I.     Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250). Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

**II.    Application**

Under the terms of the Plan, the insured has the burden to provide MetLife with "[p]roof of the accidental injury and Covered Loss" to receive AD&D benefits. (Doc. 18-1 at 48.) The Plan defines "[p]roof" as "[w]ritten evidence satisfactory to [MetLife] that a person has satisfied the conditions and requirements for any benefit." (*Id.*) This proof must establish "the nature and extent of the loss and condition; [o]ur obligation to pay the claim; and the claimant's right to receive payment." (*Id.*) Here, that proof must have demonstrated that an accidental injury was the Direct and Sole Cause of Mr. Roanhorse's death. (*Id.* at 48.)

Mrs. Roanhorse, along with Mr. Roanhorse's three children, filed their claims with MetLife and provided Mr. Roanhorse's autopsy report and death certificate as the sole proof of their claim. (Doc. 24 at 6.) MetLife asserts that neither of these documents constitutes the proof required to establish a claim for AD&D benefits under the Plan. Mr. Roanhorse's death certificate states that his cause of death is "undetermined." The autopsy report states the cause of death to be "undetermined," found no injuries that could explain the death, and expressed that it was possible that Mr. Roanhorse's death was the result of natural causes, but that this could not be known due to the advanced state of decomposition. (Doc. 18-3 at 7.) Thus, neither of these documents contains the required, affirmative proof that the death was caused by a covered accidental injury as opposed to by illness or any other cause of death excluded from the AD&D benefits.

Plaintiff argues that her claim qualifies for AD&D benefits because the existence of accidental injury can be inferred in this case as the circumstances show that Mr. Roanhorse did not have an expectation of death. (Doc. 19 at 2.) However, the Ninth Circuit has rejected this broad definition of "accidental death," and instead has defined the term to require "that such a death must occur from external rather than natural causes." *Khatchatrian v. Cont'l Cas. Co.*, 332 F.3d 1227, 1229 (9th Cir. 2003). Here, where there is no proof that Mr. Roanhorse's death was caused by external forces, it is not sufficient that Mr. Roanhorse did not expect to die. Thus, Mrs. Roanhorse fails to

state a claim for AD&D benefits under the Plan.

**IT IS THEREFORE ORDERED** that Plaintiff's Opening Brief, converted with the consent of the parties to a Motion for Summary Judgment (Doc. 19) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Response Brief, converted with the consent of the parties to a Motion for Summary Judgment (Doc. 24) is **granted**. The Clerk of Court is directed to **terminate this action** and enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Reply in Support of Cross-Motion for Summary Judgment (Doc. 28) is **denied as moot**.

Dated this 25th day of June, 2014.

/G. Murray Snow
United States District Judge